UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL DAVIS, Jr., | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-CV-609-RLM |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Samuel Davis, Jr., a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 13-01-366) where a Disciplinary Hearing Officer found him guilty of Assault/Battery in violation of Indiana Department of Correction policy A-102. As a result, Mr. Davis was sanctioned with the loss of 365 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Mr. Davis's petition identifies four grounds for relief.

Mr. Davis's petition is premised on an argument that the Department of Correction failed to follow its own policies in imposing sanctions against him. Even if Mr. Davis is right, the Department of Correction's failure to follow its own policy doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Nevertheless, this court will analyze each of Mr. Davis's four

1

grounds to determine whether any ground identifies a due process violation entitling him to habeas corpus relief.

In Ground One, Mr. Davis argues that the hearing officer improperly denied his requested witness, the victim of the attack. The respondent argues that Ground One wasn't presented during Mr. Davis's administrative appeals, so he hasnt exhausted his administrative remedies with respect to Ground One. In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in Markham v. Clark, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of Boerckel implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002).

Mr. Davis didn't raise Ground One in his administrative appeals, so Ground

2

One is procedurally defaulted.[1]

In Ground Two, Mr. Davis argues that the hearing officer improperly denied his request for evidence. Mr. Davis argues that he asked to see surveillance footage of the incident. The respondent argues that this request was properly denied on the basis that no surveillance footage exists. The court agrees. While prisoners have a right to present relevant and exculpatory evidence in their defense, Wolff v. McDonnell, 418 U.S. 539, 566 (1974), the hearing officer couldn't review evidence that didn't exist. Ground Two doesn't state a basis for habeas corpus relief.

In Ground Three, Mr. Davis argues that the hearing officer had insufficient evidence on which to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have
> the support of some evidence in the record. This is a lenient

---

[1] This argument would also fail on its merits. 28 U.S.C. § 2254(b)(2).

standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786.

There is enough evidence to support the hearing officer's finding that Mr. Davis violated IDOC A-102. IDOC A-102 prohibits offenders from "[c]ommitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charges Mr. Davis as follows:

> [o]n the above date and approximate time, a Signal 7 was called by Ofc. R. Colburn. Ofc. R. Colburn witnessed Offender Davis, Samuel Jr. #962441 assaulting Offender Sarver, Jarome #219835 with a homemade weapon that appeared to consist of a sock with an object in it. Offender Sarver received serious bodily injury to his person and was transported and admitted to an outside hospital for medical treatment. During the course of my investigation it was determined by reports and witness statements that Offender Davis did commit this assault. Reference Case 13-WCC-0009 for further details. The weapon was not recovered.

In reaching the decision that Mr. Davis was guilty, the hearing officer reviewed staff reports, Mr. Davis's statement, photographs, and "w/s" - which this court

4

understands as an abbreviation of "witness statements."

The court has reviewed all of the evidence and determines that the hearing officer's finding of guilty was not unreasonable or arbitrary. The evidence contained in the confidential internal affairs file is particularly compelling. Officer Coburn saw Mr. Davis attack the victim with weapon and the victim suffered significant bodily injury. Mr. Davis is correct that the weapon wasn't discovered, but there is evidence that a weapon was used. Moreover, an inmate can violate IDOC A-102 by inflicting serious bodily injury upon another person. The evidence demonstrates that the victim suffered significant bodily injury. The hearing officer had sufficient evidence to find Mr. Davis guilty. Ground Three doesn't identify a basis for habeas corpus relief.

In Ground Four, Mr. Davis argues that his disciplinary hearing was untimely. The procedural due process protections enumerated in Wolff include a right to adequate notice. Wolff v. McDonnell, 418 U.S. at 564. Mr. Davis doesn't argue that he did not receive adequate advance notice of the charges against him. Rather, Mr. Davis contends that the 18-day delay between his notice of the charges and the hearing violated his rights. Mr. Davis didn't have a due process right to a speedy disciplinary hearing. See e.g. U. S. ex rel. Houston v. Warden, Stateville Corr. Ctr., 635 F.2d 656, 658 (7th Cir. 1980) (holding that prisoner's due process rights were not violated by two-month delay between offense and disciplinary hearing). Moreover, Mr. Davis hasn't claimed to have suffered any prejudice from the delay. See Peters v. Anderson, 27 F. App'x 690, 692 (7th Cir.

2001) (unpublished) ("the delay was more likely to have enhanced than impeded [prisoner's] ability to marshal a defense"). Ground Four is not a basis for habeas corpus relief.

For the reasons set forth above, the petition is DENIED. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED: June __12__, 2017.     __/s/ Robert L. Miller, Jr.__
                                                                                                    Judge
                                                                                                    United States District Court